David E. Leta (1937)
Michael A. Gehret (11890)
Timothy J. Dance (11553)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
Email: delta@swlaw.com
       mgehret@swlaw.com
       tdance@swlaw.com

Attorne*ys for Defendant*
  *JP Morgan Chase Bank National Association*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GRB ENTERPRISES, LLC**, a Utah limited liability company, and GREGORY BLANCHARD, an individual,<br><br>       Plaintiffs,<br>v.<br><br>**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, a national banking association<br><br>       Defendant. | **MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Case No. **2:11-cv-833 DAK**<br><br>Honorable Dale A. Kimball<br><br>**[ORAL ARGUMENT REQUESTED]** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, JPMorgan Chase Bank, National Association ("**JPMorgan**"), through counsel, respectfully moves this Court for an order dismissing the Complaint of GRB Enterprises, LLC and Gregory Blanchard ("**Plaintiffs**"), with prejudice.

Plaintiffs have failed to state a plausible claim for relief, and all allegations are contradicted by the plain language of the Swap Agreement.[1]  In particular, the plain language

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as those ascribed to them in JPMorgan's supporting memorandum filed contemporaneously herewith.

illustrates that there was a meeting of the minds as to all parts of this agreement. Although the Swap Agreement leaves some discretion to JPMorgan in calculating a Close-out amount, there are good faith standards governing this calculation, and Plaintiffs never argue this standard was breached. In addition, Plaintiffs only allege formulaic recitations of the elements of a breach of contract cause of action and make conclusory allegations that there have been damages in this case. Finally, Plaintiffs' fraud and misrepresentation claims are unequivocally barred. The Plaintiffs signed a conclusive, written agreement which expressly renounces all reliance on earlier representations. When there is a complete merger and integration clause such as this, New York law bars fraud and misrepresentation claims.

This Motion is supported by the Memorandum in Support filed with this Motion, the pleadings on file with the Court in this action, and any arguments to be presented at hearing.

DATED this 6th day of October, 2011.

                                                                          SNELL & WILMER L.L.P.

                                                              By   /s/ Michael A. Gehret
                                                                  David E. Leta
                                                                  Michael A. Gehret
                                                                 Timothy J. Dance
                                                                *Attorneys for Defendant*
                                                                *JP Morgan Chase Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Bruce J. Boehm
>John Morris
>McKay, Burton & Thurman
>170 South Main Street, Suite 800
>Salt Lake City, Utah 84101
>
>Dennis K. Egan
>Kotz, Sangster, Wysocki & Berg, PC
>400 Renaissance Center, Suite 3400
>Detroit, MI 48243

              /s/ Michael A. Gehret